IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**UNITED STATES OF AMERICA**   **PLAINTIFF**
*ex rel.* **ACADEMY HEALTH CENTER,**
**INC. f/k/a ADVENTIST HEALTH**
**CENTER, INC.**

**V.**   **CAUSE NO. 3:10-CV-00552-CWR-LRA**

**HYPERION FOUNDATION, INC.**
**d/b/a OXFORD HEALTH &**
**REHABILITATION CENTER,** *et al.*   **DEFENDANTS**

**ORDER**

Before the Court is Academy Health Center's motion for reconsideration, Docket No. 216, in which Academy asks the Court to revise its July 9, 2014, Order dismissing all but one of Academy's claims, *United States ex rel Academy Health Center, Inc., v. Hyperion Found., Inc.*, No. 3:10–CV–552–CWR–LRA, 2014 WL 3385189 (S.D. Miss. July 9, 2014).[1] Dismissal was based in part on the Court's finding that the False Claims Act's public disclosure bar precluded subject matter jurisdiction.

Academy says the Court erroneously applied the public disclosure bar, as it existed prior to its 2010 amendment by the Patient Protection and Affordable Care Act ("PPACA"), to conduct that allegedly occurred post-amendment. To this point, Academy argues that the dates of the conduct alleged in its second amended complaint dictate which version of the statue applies, not the date on which the suit was filed.[2] This argument was rejected by the Court on the motion to dismiss three years ago. *See Academy Health Center*, 2014 WL 3385189, at *26 n.42. ("Given that the PPACA amendment does not have retroactive effect and was not in place when the action

---

[1] Academy's remaining cause of action is against Defendants HP/Ancillaries, Inc., Hp/Management Group, Inc., Sentry Healthcare Acquirors, Inc., and Julie Mittleider for conspiracy to violate the FCA.
[2] This case has been pending since September 30, 2009. *See* Docket No. 1-3.

was filed, the Court will apply only the pre-PPACA version of the public disclosure bar."). Academy now points out that none of the cases the Court relied upon in its prior Order involved false claims that were submitted after the PPACA amendment.

Still, one thing remains certain: "the amendment process [for pleadings] cannot be used to create jurisdiction retroactively where it did not previously exist." *United States ex rel. Jamison v. McKesson Corp.*, 649 F.3d 322, 328 (5th Cir. 2011) (quotation marks omitted). Because subject matter jurisdiction was lacking at the commencement of this suit, the dates alleged in Academy's second amended complaint cannot save the dismissed claims. *See id.* at 328 n.8 (recognizing that 28 U.S.C. § 1653 allows amendment to cure technical defects in jurisdiction, not substantive defects). Accordingly, the motion for reconsideration is denied.

**SO ORDERED**, this the 31st day of July, 2017.

s/ Carlton W. Reeves
UNITED STATES DISTRICT JUDGE