IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

ACADEMY HEALTH CENTER, INC.                                          PLAINTIFF

V.                                                    CAUSE NO. 3:10-CV-00552-CWR-LRA

HYPERION FOUNDATION, INC., *et al.*                                DEFENDANTS

**ORDER**

Before the Court is Defendants' motion for summary judgment. Docket No. 243. The matter has been fully briefed, and the Court is ready to rule.

As explained in this Court's previous opinion, the war between these parties began nearly a decade ago. *See U.S. ex rel. Academy Health Ctr., Inc. v. Hyperion Found., Inc.*, No. 3:10–CV–552–CWR–LRA, 2014 WL 3385189 (S.D. Miss. July 9, 2014). The instant battle involves the *qui tam* action initiated by Academy Health Center, Inc. on behalf of the United States Government. Docket No. 1-3. The Government intervened, became an ally of Academy, and took over "that part of the action which alleges that defendants Hyperion Foundation, Inc., AltaCare Corporation, Long Term Care Services, Inc., and Douglas K. Mittleider, made, caused to be made, and/or conspired to make false claims and false statements material to false claims to Medicare and Medicaid, for nursing home services at the Oxford Health & Rehabilitation Center facility in Lumberton, Mississippi." Docket No. 32, at 2.

Academy brought many other claims, and the Court dismissed all but one. *Academy*, 2014 WL 3385189 at *22-41. The remaining cause of action is against Defendants HP/Ancillaries, Inc. ("HPA"), HP/Management Group, Inc. ("HPM"), Sentry Healthcare Acquirors, Inc. ("Sentry"), and Julie Mittleider (collectively "Defendants") for conspiring to

submit fraudulent claims for services purportedly provided at the Oxford Health and Rehabilitation Center ("Oxford Facility") in violation of the False Claims Act.

After more than three years of discovery and all of the skirmishes thereto, Defendants have filed their motion for summary judgment on Academy's lone claim. According to Defendants, "the undisputed evidence shows that [they] did not engage in conspiracy to defraud, Medicare, Medicaid or any other third-party payor and there is no genuine dispute as to any material fact regarding this claim." Docket No. 244, at 2. Therefore, they are entitled to judgment as a matter of law, and the upcoming trial should only involve the claims pursued by the Government.

The familiar summary judgment standard applies. *See Hill v. Hinds County, Miss.*, No. 3:12-CV-880-CWR-FKB, 2015 WL 1014305, at *2 (S.D. Miss. Mar. 9, 2015).

**I.    Law**

A person who "knowingly presents, or causes to be presented, a false or fraudulent claim for payment" to the Federal Government is liable under the FCA. 31 U.S.C. § 3729(a). Specific intent to defraud is not necessary because "knowingly" is defined as acting with (1) actual knowledge, (2) deliberate ignorance, or (3) "reckless disregard of the truth or falsity of the information." *Id.* § 3729(b)

FCA liability also attaches to any person who conspires to violate the statute. *Id.* § 3729(a). Evidence of a shared "specific intent to defraud the Government" is required in the conspiracy context. *U.S. ex rel. Farmer v. City of Houston*, 523 F.3d 333, 343 (5th Cir. 2008). To this point, a plaintiff must show "(1) the existence of an unlawful agreement [to violate the FCA] and (2) at least one act performed in furtherance of that agreement." *Id.*; *U.S. ex rel.*

*Wuestenhoefer v. Jefferson*, 105 F. Supp. 3d 641, 674 (N.D. Miss. 2015).  The first prong is at issue here.

**II.	Discussion**

Hyperion Foundation, Inc. ("Hyperion") is a healthcare company that assumed operation and management of the Oxford Facility.  Julie Mittleider, while serving as Hyperion's president, authorized the company's participation in Medicare and Medicaid programs.  The participation agreements for both required Julie to certify that she would not submit claims with deliberate ignorance of their truth or falsity.

But Academy says that Julie's deposition testimony from a related bankruptcy case shows that she and Doug Mittleider (Julie's husband) intended and agreed for her to do the exact opposite:

> Q: All right. Can you describe to me your duties as president of Hyperion Foundation, Inc., or, as this document exhibit 2 shows, the CEO and the CFO?
>
> A: The only duty I have had was to sign my name to a paper as president, and I have never -- I don't -- I have never had a meeting, never done anything, never-- I don't know anything even about Hyperion's business.  I am just a figurehead.  My name is president; that's it.
>
> . . .
>
> A: . . . [T]o be honest, I don't want anything to do with this company or with the business.  The further I stay away from it, the better I am.  And so I don't ask questions.  I don't get into it.
>
> . . .
>
> Q: Well, who runs Hyperion on a daily basis?
>
> A: I don't know.  I guess Doug . . . .  I don't have anything to do with this company. I signed as President because Doug asked me to.

Docket No. 248-2, at 5-6, 11.  Academy argues that a reasonable jury could infer that Julie and Doug agreed that she would as act as an ostrich with its head in the sand—deliberately remaining

ignorant as to the veracity of the healthcare claims. *See Wuestenhoefer*, 185 F. Supp. 3d at 668. And by doing so, Julie conspired to violate the FCA.

Whether Academy has proven that Julie entered into such an agreement with the specific intent of defrauding the Government is a close call. And "it is more prudent to set close calls for trial than to risk resolving a dispute of fact in one party's favor." *Curtis v. Liberty Ins. Corp.*, No. 3:14-CV-389-CWR-FKB, 2015 WL 12571199 (S.D. Miss. Sept. 15, 2015)*; see also Harris v. Bruister*, No. 4:10-CV-77-DPJ-FKB, 2013 WL 6805155, at *2 (S.D. Miss. Dec. 20, 2013) ("Even if the standards of Rule 56 are met, a court has discretion to deny a motion for summary judgment if it believes that 'the better course would be to proceed to a full trial'") (quoting *Firman v. Life Ins. Co., of N. Am.* 684 F.3d 533, 538 (5th Cir. 2012)).

The Court now turns to corporate Defendants HPA, HPM, and Sentry's involvement in the alleged FCA conspiracy. Each entity is owned or managed by Julie or Doug Mittleider.[1] Academy alleges that Doug funneled Medicare/Medicaid payments that were intended for the care of residents at the Oxford Facility into these companies. It points to evidence of suspicious cash transfers from Hyperion's bank account and improper maintenance of the Oxford Facility as proof that the corporate defendants agreed to defraud the Government.

A July 2009 operating report shows that the sum of $50,000 for unknown services was transferred from Hyperion to Sentry (Julie's company). Docket No. 7-17. Doug authorized the transfer. *See* Docket No. 248-15, at 26. Julie's declaration states that it was for repayment of "funds advanced to Hyperion by Long Term Care Services (to which Sentry or its affiliates had

---

[1] Doug is the majority shareholder of non-party HP/Holdings, Inc. ("HPH"), which owns Long Term Care Services, Inc. ("LTCS"). Docket No. 243-2. Defendants HPA and HPM are wholly owned subsidiaries of LTCS. *Id.* Doug was the CEO, CFO, and secretary of these entities at all times relevant to this suit. *Id.* Julie is the president and sole shareholder of Defendant Sentry. Docket No. 243-1.

[previously] advanced funds)." Docket No. 243-1, at 2. Whether that is true or not is for a jury to decide.[2]

Academy, however, has not presented evidence of any transactions between Hyperion and HPA or HPM that could be linked to a scheme to defraud the Government. For that reason, the conspiracy claims against those defendants fail.

## III. Conclusion

The motion for summary judgment is granted in part and denied in part. Academy's claim against Julie and Sentry survives. The trial of this claim and those brought by the Government (hopefully the finally battle) will commence on September 12th, 2017.

**SO ORDERED**, this the 7th day of August, 2017.

s/ Carlton W. Reeves<br>
UNITED STATES DISTRICT JUDGE

---

[2] The intra-corporate conspiracy doctrine, contrary to Defendants' assertion, does not bar the conspiracy claim against Sentry. The doctrine provides that a corporation cannot conspire with itself or its employees. *U.S. ex rel. Woods v. SouthernCare, Inc.*, No. 3:09–CV–00313–CWR–LRA, 2013 WL 1339375, *at 6 (S.D. Miss. Mar. 30, 2013). This would preclude Julie from conspiring with Sentry. But the evidence presented implies the existence of an unlawful agreement between Sentry and Hyperion or Doug, who was not employed by Sentry.